# HILL v. WHITE.

No. 4155.   Opinion Filed July 27, 1915.

(150 Pac. 1051.)

1. **LANDLORD AND TENANT—Breach of Covenant—Action.** One who has a farm lease contract to farm the cultivated land on certain described premises, which also provides that he "shall, also have pasture on said premises for all of his stock," has the right to sue his lessor immediately for damages upon said lease; before the expiration of the lease term, for nailing up the pasture and forbidding him thereafter to put his stock or any part of it therein.

2. **SAME—Measure of Damages.** In such a case the measure of the lessee's damage, under the provision of section 2852, Revised Laws of 1910, is the amount which will compensate him for all the detriment proximately caused thereby or which, in the ordinary course of things, will likely result therefrom, and he will not ordinarily be permitted to put his stock up and feed them hay, grain, and chops and drive them to water and charge his lessor; as damage for the breach of the contract, with the expense of so doing and with the loss in values of such stock sustained by reason of their having to do without pasturage during the time which, under the terms of his contract, they should have been permitted to graze on such pasture.

3. **SAME.** In such case the lessee will be permitted to recover from the lessor that sum of money, as damages, which he would reasonably and probably have to expend to procure like pasturage to that to which his contract entitled him, together with the reasonable and probable expense of transferring his stock from one pasture to another and the reasonable value of his time in procuring a new pasture and transferring his stock thereto.

4. **TROVER AND CONVERSION—Pleading—Sufficiency.** One, who, being sued for damages for the breach of a farm lease contract, pleads a counterclaim for the value of personal property taken by the lessee from the leased premises during the life of the lease, as one of his defenses, must allege the ownership of such personal property to have been in himself, at the time of the taking, or his counterclaim will not state a cause of action against the plaintiff, and it will not be error for the trial court to refuse to admit evidence tending to establish such defectively stated counterclaim.

(Syllabus by Wilson, C.)

*Error from County Court, Jefferson County;*
*T. B. Price, Judge.*

Action by O. P. White against W. S. Hill. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Bridges & Vertrees,* for plaintiff in error.

Opinion by WILSON, C. Defendant in error as plaintiff below, sued the plaintiff in error as the defendant below to recover damages for an alleged breach of an independent and severable obligation of a farm lease contract, and recovered judgment against the defendant for $100, and from such judgment and the order of the court overruling his motion for a new trial he appeals to this court.

By the terms of the rental contract between the plaintiff and defendant the defendant leased to the plaintiff a certain tract of cultivated land for the year 1911, for the use of which plaintiff agreed to give the defendant, as rent, a designated share of the crops grown thereon, and as an additional condition of the contract the defendant agreed to furnish the plaintiff with pasture on the premises for all his stock. The latter provision of the contract reads as follows:

"And it is further agreed that the said party of the second part [plaintiff] shall have pasture on said premises for all of his stock."

After alleging the contract plaintiff further alleged in his petition that the defendant breached the above-quoted provision on the 13th day of July, 1911, by nailing up the pasture and forbidding the plaintiff to put his stock or any part of it therein. On the following day the plaintiff elected to declare a breach of that independ-

ent provision of his contract, and later commenced action against the defendant to recover damages therefor, and alleged that he had been damaged by reason of such breach of the contract in the sum of $344 by having to feed his eight head of stock from July 13, 1911, to December 31, 1911, or 172 days, at $2 per day, $50 for damage to his stock on account of their having no pasture, and $50 on account of trouble in having to drive them to water. On the trial of the case he offered testimony to the effect that he had to drive them to water twice a day during the remainder of the term of his contract; that they suffered in loss of flesh and value by reason of having to do without pasture; and that he expended quite a sum of money for hay, grain, and chops, and fed a large amount of his own kaffir corn, which money would not have had to be spent or kaffir corn, hay, grain, and chops fed to his stock had they been permitted to graze on defendant's pasture during the term of his rental contract.

On the jury's verdict being returned against him, fixing the amount of plaintiff's recovery at $100, the defendant immediately filed his motion for a new trial, alleging, among other grounds, that the verdict was not sustained by the evidence, and, upon the motion for a new trial being overruled, he filed his petition in error in this court, with case-made attached, in which he assigned as error, among other things, that the judgment rendered on the verdict of the jury was not sustained by the law or the evidence and that the court erred in overruling his motion for a new trial.

The plaintiff in error filed his brief in the case as required by the rules of this court, but the defendant in error has failed to either file a brief or show good cause why he

has not done so, and it appearing to us, on examination of the record, that the judgment is clearly not sustained by the law and the evidence, we would, under the established rule of this court, without further comment, recommend that the case be reversed and remanded but for the fact that the plaintiff in error, in his brief, has failed to notice the errors which we deem to be the most serious, and the public interest requires that they should be noticed in this opinion, to the end that they may not occur again, and another appeal and reversal possibly be occasioned thereby.

Defendant contended: First, that he shut plaintiff's stock out of the pasture because of the then prevailing drought and because they were injuring the pasture, and that he told plaintiff at the time that as soon as the drought was broken the stock could be returned; second, that after the expiration of 30 days he informed the plaintiff that the stock could be returned; and, third, that plaintiff himself first breached the contract by permitting other people's stock to run in the pasture.

On the trial of the case there was evidence pro and con on the first proposition. The second proposition was admitted. The third is not tenable: First, because no breach of contract was ever declared; and, second, there was no rental contract as to the pasture, but plaintiff was only given a contract privilege to pasture his stock on the premises, and for him to have put other people's stock on the pasture would have been to commit a trespass, and not a breach of contract.

We think, under the evidence in the case, that when the defendant nailed up the pasture fence and directed the plaintiff not to put his stock on the pasture again, whether temporarily or not at all, he violated his obliga-

tion to plaintiff and gave the plaintiff an option to at once declare a breach of the contract and sue for damages at once or to wait and avail himself of his contract privilege to use the pasture at any subsequent time he might be permitted to do so by the defendant, and then sue for damages for the temporary interference with his privilege after the expiration of the term of the entire contract. 6 R. C. L., tit. "Contracts," section 382; *Crabtree v. Haggenbaugh*, 25 Ill. 233, 79 Am. Dec. 324. The plaintiff availed himself of his right to sue at once, and instituted his action for damages, and the defendant could not relieve himself of liability to pay plaintiff damages by subsequently offering to comply with his contract, and his contention that he could do so was bad.

The substantial defect in the whole proceeding was the plaintiff's erroneous theory of his own case, in this, that he acted throughout the entire case on the assumption that when his stock were excluded from the pasture by the defendant he had the right to put them up and feed them hay, grain, and chops, and drive them to water twice a day and charge the defendant with the expense and require him to compensate him for his trouble, and to also charge the defendant with damages for any decrease in the value of the stock which he might reasonably sustain by reason of their being without pasturage during the remainder of the term of his contract. That theory was wrong, and, the plaintiff having itemized his damages in his petition, and having stated no other item of damage than such as would be measured by that erroneous rule, his petition failed to state a cause of action entitling him to recover more than nominal damages. In the trial of the case the plaintiff confined his evidence as to his damages to the value of his own kaffir corn, which

he fed to the stock, the value of the grain, hay, and chops bought for their consumption, the fact that he drove them to water twice a day, without any evidence as to the value of that service, and the fact that they diminished in value by reason of their having to do without pasturage, without any evidence whatever as to the amount of the loss. Under our statute the measure of damages for the breach of an obligation arising from contract, except where otherwise provided by statute, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby or which, in the ordinary course of things, would likely result therefrom. Rev. Laws 1910, section 2852.

Under this rule of the measure of damages the plaintiff could not elect to put his stock up and feed them hay and grain and drive them half a mile to water twice each day and charge to the defendant, as damages, the expense of so doing and the loss in value of such stock by reason of their having to do without pasturage during the time which, under the terms of the contract, they should have been permitted to graze on defendant's pasture. In the absence of a plea of special damages, the correct measure of damages, under the alleged facts of the case, would entitle the plaintiff to recover from the defendant, if anything, that sum of money as damages which he would reasonably and probably have had to expend to procure like pasturage to that which his contract with the defendant entitled him, together with the reasonable and probable expense of transferring the stock from one pasture to the other and the reasonable and probable expense in procuring a new pasture and the reasonable value of his time used in procuring a new pasture and transferring his stock thereto. None of

these elements of damage having been alleged in his petition, and none of them having been attempted to be proved, the jury was without evidence upon which to properly base its verdict for $100, and the judgment was not sustained by the law and the facts.

Plaintiff also complains of the court that it also erred in ruling out certain offered evidence tending to sustain the allegations of his counterclaim to the effect that defendant in error was indebted to him on account of a henhouse, lumber, and some posts removed from the leased premises during the lifetime of the lease contract. The ruling of the court, however, was correct, because, although not made for this reason, the counterclaim did not state a cause of action, in that it did not allege that the defendant in the court below was the owner of the property removed.

We recommend that the case be reversed and remanded, with directions to the county court of Jefferson county to grant the parties a reasonable time to amend their pleadings, if they desire to do so, and grant plaintiff in error a new trial.

By the Court: It is so ordered.